In our second case today, number 224381, United States v. Berry. Mr. Son, good to have you with us, Mr. Son. Thank you, your honor. May it please the court. I'm Paul Son. I represent Victor Berry. Mr. Berry was convicted of being a felon in possession of a firearm. Two of the issues that we've raised on appeal arise from the conviction underlying that felon in possession charge. Mr. Berry had pleaded guilty in the District of Columbia to robbery, and he was then sentenced under the District of Columbia Youth Rehabilitation Act. That was in March 2018. Under the act, which has provisions that permit this, that conviction was set aside. It was set aside in July 2021. The issue though is, or an issue is, that Mr. Berry was charged with possessing a firearm before the conviction was set aside. The date that he was charged with possessing a firearm was on September 20, 2019. And Mr. Berry filed a motion to dismiss in the district court, which was denied, arguing that under Section 18 U.S.C. 1921 A.20, which says a conviction that has been set aside cannot be the basis for a felon in possession charge. It was set aside. It cannot be the basis, therefore, for that conviction. We've acknowledged in Mr. Berry's brief that this court, in a case called United States v. Cahill, said that a conviction that has been set aside is disabling, is not disabling, except going forward. So, in a case like this, where the conviction was set aside only after the possession of the firearm date, under Cahill and other cases. Cahill undermines your position. It does. It does. Are you arguing this position to preserve it? Yes, Your Honor. It is still our position that under the plain language of the statute, you could see that a different way, but we acknowledge that Cahill is inconsistent with that, and that Cahill would be controlling. We're hoping the Supreme Court to straighten it out for you, or for your client, too. If there's something wrong with it. Now, Judge Wilkins is a pretty wise fellow. It is Judge Wilkins' opinion. The other issue, and I want to focus on the other issue that arises out of that underlying conviction, and that comes forward in connection with a motion in limine that the government filed, and their motion in limine was that Mr. Berry be precluded at trial from presenting any evidence or argument regarding the youth offender laws of the District of Columbia. That's at Joint Appendix 127, and the argument from the government was that has nothing to do with anything but jury nullification, and when that motion in limine came on for hearing at a pretrial conference, what Mr. Berry's counsel said is, our defense is based on the knowledge of status element. Under Rahif, the government's got to show not only did Mr. Berry knowingly possess the firearm, but he knew he was in the category of persons who were barred from possessing the firearm. So he had to know that he had been convicted of a crime punishable by imprisonment for a term in excess of a year, and what Mr. Berry wanted to be able to do was put on evidence that would tend to support his argument that he didn't know. What evidence did he want to put on? He wanted to be able to say, this is what I understood happened in connection with the Where is that in the record? There are JA 144 and 155. What does it say? It says he wanted to say he understood this is a first offenders program. JA 144 and 155, he understood. I'm sorry, your honor. That's all right. He understood that he had to stay out of trouble. JA 148. If he did stay out of trouble, then at some point, whatever happened would be discharged. JA 155. I didn't think that I was convicted as a felon. That's what he wanted to be able to say. My understanding, this is a that he knew he'd been convicted of a robbery, and he got two years. He told him about the two years. Your honor, and this is a Isn't that true? No, your honor. That was in evidence, wasn't it? That's what the officer said, Mr. Berry. That's what the officer said, so that's the evidence. That is in evidence. Mr. Berry, and this is at JA 153, Mr. Berry's counsel in connection with this hearing Mr. Berry didn't testify. He did not. This was at the motion hearing. Is this what I just said? Yes, your honor. But at the motion hearing, where the question was, what evidence is Mr. Berry going to want to put on here? Counsel said, and this is at JA 153, Mr. Berry would have contested that. He would say, I didn't say that. I didn't say that. In fact, He didn't get on the stand and say that. He did not testify. He did not testify at the trial. They argued about it. You were not the lawyer at that point, right? Correct, your honor. They argued about it pre-trial? Pre-trial. And was it argued about, was that argued about at a stage of the proceedings when it was going to be a jury trial or when it was going to be a trial of the court? It was a jury trial at that point, your honor. But it ultimately was a trial to the court. It was. They waived the jury trial. They waived. Your client and his lawyer at the time waived their right to a jury trial. They did. And the government waived and the judge approved. And Judge Dever agreed to hear the case as a ministerial trial. Agreed. And he resolved it that way. Agreed. Did that waive any issues that you raised beforehand? I don't think so. When you gave up the right to a jury trial? Um, uh, he did waive the right to a jury trial because he had been, it had been ruled. But these issues, I mean, it seems to me as a practical matter, it's different when the evidence is being presented to a judge than it is when it's being presented to the jury. There's more flexibility in the admission of evidence when it's a bench trial. I mean, judges can figure out, they can hear it all and then figure it out if they want to. Well, before they render the verdict. Um, two points, Your Honor. There was a definitive ruling in connection with this motion in limine as to what Mr. Berry, if he testified, would be able to say. So there is a ruling as to what he would be able to say. And it was. Was there an offer of what he was hoped to say? Um, and that was in part my response to Judge Goodwin's question. Yes. Counsel said these are the things that Mr. Berry would say as he was explaining what he understood. And where is it that the judge said, Mr. Berry can't say that the things that you are now quoting or saying were specifically offered as testimony. JA 147. Ultimately, the judge says he can answer the question. Did you know? Did you know that you had been convicted of a crime? Punishable by imprisonment for a term. That's what he said he could do. Where is what he said he couldn't do? He says at JA 147, that's all he can say. Also at JA 143, the judge says the judgment is coming in, quote, nothing else is relevant under 401 or 403. So he's made it clear that that's all he's going to let Mr. Berry say. I'm still not clear. Maybe you could repeat yourself for me. What is it that the defendant wanted to say? What did he want to say that the judge wouldn't let him say? This is what I understood was the effect of this proceeding, pleading guilty in the District of Columbia, that it was part of a first offenders program, that I had to stay out of trouble. There's an avenue to get whatever happened discharged. And if I stayed out of trouble, it would get discharged. I didn't think it was a felony. I didn't think I had been convicted as a felon. Those are the articulated statements by counsel that he understood that Mr. Berry would say if he were permitted to so testify. Those are different places in the record. Didn't the judge keep saying, I'll have to hear the question as it's asked? I'll have to know what it's going to be. And I think your predecessor said, that's strategic, Judge. I can't tell you now what it's going to be. At one point, counsel does resist that. This is a lengthy back and forth. It goes on for some number of pages. And to my observation, I would say counsel really did persist in trying to get the judge to agree to let Mr. Berry say something other than the answer to the question is no. And respectfully, those other answers would be relevant. I mean, we're talking about an element of the offense. The government has to prove beyond a reasonable doubt that Mr. Berry didn't know, didn't know that he was in the category of persons. That's the Rehoff issue. Yes, it is. We call it the Rehoff issue. And that was alleged in the indictment. It was. It was. The indictment was post-Rehoff. They alleged what they needed to allege. Yes. And they proved that he said he'd been convicted of robbery and got two years. That was offered in evidence. Right. It was offered in evidence. Well, you're saying, is it true, the idea that he got the argument that the ruling of the judge, however definite or indefinite it was, ran him away from a jury trial and into a mince trial and ran him off the witness stand as well? It is, Your Honor. And that's the sequence of events. So he gave up his jury trial right and gave up his right to testify. Because of the pre-trial discussion that you're aiming at here? Yes, Your Honor. And the judge said, I need to hear him. I need to hear the question. When Mr. Berry decides to go for a bench trial, he also decides. Let me come back up a minute. And we review evidence questions for abuse of discretion. We evidence determinations and rulings by district trial judges for abuse of discretion. A motion in limine is an evidence motion. So all this is being reviewed for abuse of discretion. And you're arguing that Judge Dever abused his discretion in how he handled this. Two points there, Your Honor. If it is abuse of discretion review, a legal error is an abuse of discretion. And for Judge Dever to say this evidence is not relevant, which is what he said. Nothing else is relevant. It's clearly relevant. If it's relevant for Mr. Berry to be able to say, which it clearly is, and the judge agrees with this, no, I didn't know. It has to be relevant for him to say, here's why I didn't know that. That goes to the fact of... He didn't know what? Punishable by imprisonment for a term in excess. Where is it that you say he said that? Where is it in the record that you say he offered that he would testify to that? The judge says he can answer that question. And the only reason to go beyond... The evidence was he told the officer I was convicted of robbery and I got two years. And there could be lots of room for cross-examination. I mean, the evidence is relevant because... The element as recited in the indictment doesn't use the word felony, does it? It says he had to know that he'd been convicted of a crime that was punishable by more than a year. Yes. Yes. And Judge King, I certainly agree that there was plenty of room to cross-examine Mr. Berry as to what he wanted to testify to. I mean, it starts with the judgment. But he didn't get on the witness stand. He didn't because the judge had definitively ruled, I'm not going to let you say anything more than answering the question. You can answer that question. You can say no. And again, respectfully... What's wrong with what the judge said? That part is correct. It's saying you can't say anything more than that if it is relevant. And it clearly is relevant for... I mean, this is the element of the offense. For the defendant to say, no, I didn't know. The government has to prove beyond a reasonable doubt that he did know. So his testimony, I didn't know, is relevant. And then it's certainly relevant also for him to say, here's what I did know. Here's what I thought. It goes to what Rahif says is a mistaken impression of the legal effect of a collateral matter. The collateral matter is this guilty plea in District of Columbia Court. And what's the legal effect of that? The government says it's a conviction. It has to be a conviction of a crime punishable by imprisonment for a term exceeding one year. Mr. Berry says, or wanted to say, I didn't know that, and here's why. And the government's ruling prevented him from being able to... There's nothing in the record where it ever says that Mr. Berry wanted to say, I didn't know that it was not punishable for more than one year. Is there? I'll look for that and come back to find that in my rebuttal time to make sure that I can answer your question specifically, Judge Wigwam. Thank you. Thank you, Mr. Son. Ms. Lee. Good morning, Your Honors, and may it please the Court. Tyler Lee for the United States. The District Court here did not abuse its discretion by limiting Berry's testimony about his understanding of the D.C. Youth Rehabilitation Act. Could you speak up just a little bit for me? Yes, Your Honor. Apologies. And the correct standard of review here is abuse of discretion because the crux of Berry's complaint was that he was not allowed to present a particular defense. But Mr. Son's right. If there's a legal error, that is by definition an abuse of discretion. So he's got a point too. But I agree with you that normally evidence issues we review for abuse of discretion, and that's what you're emphasizing. That's correct, Your Honor. And it's well established that a defendant does not have a right to present evidence that the District Court, in its discretion, deems irrelevant, which was the case here. And it's important, I want to emphasize here that the District Court did not wholly exclude all testimony by Berry about the knowledge element in this case. In fact, it ruled that Berry could testify that he didn't know he had been convicted of a felony because he entered into a plea under the Youth Rehabilitation Act. And that's at Joint Appendix page 156 to 157. And its ruling was not definitive about what he could say because the Court did not strictly foreclose further explanation. Instead, it said that it would allow Berry to testify as to what I just mentioned. And then it said that further testimony would depend on what Berry said and that the Court would be listening very carefully and it would apply Rule 401 and 403 essentially as this testimony came in. And that's at Joint Appendix page 159 to 160. But didn't the Court say that wasn't relevant? Anything after that date is not relevant. Did it not? I believe so, Your Honor. But that and Berry's counsel did say repeatedly that Berry wanted to testify about his belief that the conviction might be set aside at some point or will be set aside in the future. But his future belief as to that what would happen with that conviction is not relevant to his belief at the time that he possessed the firearm. At the time he possessed the firearm. But he's saying that that was his understanding. But if he understood at the time that he possessed the firearm that his conviction might be set aside in the future, that's not relevant because he didn't, as the District Court explained, if he didn't already have that belief that his conviction had been already set aside, it's not relevant. And indeed, the problem is this, you know, one of the most sacred things in our Constitution is the right to testify. You know, it was a time that you couldn't testify at your own trial, believe it or not. Yeah, you know, so but we've gotten past that a long time ago. But how does a court tell you that you can't put on evidence as to your state of mind about an element that is totally subjective? It's not when the element is totally objective that we do it by circumstances to prove the that you are in the prohibitive status. You don't have to know what the consequence of that status is. But you do have to know your prohibitive status. Why wouldn't he have the right to say, well, look, let me explain to you, Judge. I didn't understand it because it is very complicated. He didn't spend any time post sentencing in jail. This is all pretrial incarceration. This is not one of those cases where how would you not know you're in prison? You were sentenced to prison for two years. That's not this case. And it is very complicated. You look at the D.C. statute. It talks about rehabilitation. The whole idea seems like it's saying we want to erase this. If you're a good egg and prove, you know, you're a kid, you got in trouble. We want to, you know, you know, we want to give you an eraser. And then a race is based on you. It's very complicated. That's why this is a case that I think the Supreme Court was talking about. I know normally they say, well, believe me, I know about Ray. Where? Well, when he went up back and then he guarantees he said, well, who doesn't know that they're being convicted of a felony? You've been in prison. That's not this case. This is a very complicated, I think, very complicated D.C. youthful offender rehabilitation. Why wouldn't he have the right to have full explanation that led to what my understanding was? I mean, and the judge can make a determination. I'm not saying the judge would be right or wrong, but he or she might conclude after hearing that. But how do you preempt that and say, no, no, no, you after that date, I just want to. Were you were you convicted? Were you a felon? Well, we do know he's a felon now. That's not the question. The question is, what was his belief? Tell me why. How does that how does it comport with the Constitution? Three points in response. The first is that, again, the district court did not constitutional question first. How do you limit a defendant from testifying about an element of an offense? Well, I don't respectfully honor the district court did not do that here because it would have allowed Barry to testify that he did not know they would have allowed him to present testimony going directly to one question, but not to explain. It's one thing. Explanation is what he had a right to, not just to say. Did you know you were a felon? Yes or no. OK, that's it. I don't need to hear all this other stuff because it's irrelevant. Because it's possible that he may have been allowed to explain further under the district court's ruling. But the Constitution said he has a right to it. But ultimately, you know, we don't know whether or not we don't know what that testimony is. That's my point. You're making the point. We don't know because it was prohibited. Not prohibited as a strict matter by the district court in advance. Again, the district court said that this testimony would be allowed, you know, subject to the district court's application of the federal rules of evidence at trial. But Barry did not ultimately testify. And he did not re-raise this issue about his proposed testimony when the court proceeded to a bench trial. You know, as you don't have to preserve it right there. They were talking. That's the record. His counsel said he wants to be able to testify to defend that element. And the court said, I'm going to give you one question and you answer that and the rest of it is irrelevant. Of course, your honor, that was made at the time that the parties were still contemplating a jury trial. So I think as Judge King recognized here, a bench trial is different in that the district court has, you know, can hear more testimony that it may ultimately deem irrelevant. And it might have been able to do so in this case. But again, Barry did not re-raise this issue when the decision was made to proceed to a bench trial. Is there anything in the record that explains why there was a waiver or agreement to have a bench trial rather than a jury trial? And why this guy didn't decide not to testify? Whether it's tied to the district court's ruling at all? I believe it. Discussion, whatever the ruling, whatever it was. At the time they had this discussion, there was supposed to be a jury trial and he was talking about testifying and discussion of what he could testify about. And then it turns out that what the appeal is from is a bench trial where he was found guilty and he didn't testify. My understanding, your honor, is that Barry wanted first to preserve the appealability of the district court's pre-trial rulings, but also that he wanted to get acceptance of responsibility credit without having to plead guilty. So he proceeded to the bench trial and did not offer any evidence or defense at the bench trial in order to preserve his eligibility for that credit. Do you support that? I mean, the point I take, if you testify or you have a trial, you might lose the acceptance of responsibility. And they didn't get acceptance of responsibility. But is that tied to the fact that he exercised his right to a trial? I believe so, your honor. I don't have the record site in front of me right now, but I know it was this preservation for acceptance of responsibility issue was discussed, I believe, at the end of trial as well as at sentencing. That's a separate issue on the appeal. They didn't get acceptance of responsibility. Correct, your honor. And when looking at that, my thought was, well, he didn't testify, but he made him go to trial. Yes, and I'm happy to turn to that issue if the court would like. If a defendant goes to trial, is it the government's position he automatically loses his acceptance of responsibility? No, your honor. A defendant can preserve acceptance of responsibility eligibility when he goes to trial in certain circumstances, as is the case here. But I also want to emphasize the distinction here between a defendant's knowledge of his status and his knowledge of whether that conviction is a qualifying conviction for the purposes of Section 922G. And here, because Section 922G1 is a knowledge crime, it doesn't require a willful mens rea, Barry did not need to know the legal scope of what it means for his prior conviction to be disabling for the purposes of 922G1. The relevant facts that establish his status here were that he pleaded guilty and he was sentenced to imprisonment for a term of more than one year. And Barry is not challenging his knowledge of those specific facts. He never purported to testify that he didn't know that he pleaded guilty or that he didn't know that he was sentenced to more than one year. And those facts, the guilty plea and the sentence, are a conviction under D.C. law. Barry accordingly knew his status and his subjective belief about the scope of those facts here, the scope of that legal restriction, the disabling effect, is a mistake of law that's not relevant. So in the same way that a defendant doesn't need to know that his conviction prohibits him from possessing firearms, Barry here did not need to know that his conviction, whether his conviction was disabling within the meaning of the law. A mistake of law is not a defense in this situation? Yes, correct, Your Honor. It is. Because you say if that's the case, then there would be no, that element wouldn't exist. The status is there, right? You prove the status of felony, otherwise you would have to do anything else. The next step is what is the person's knowledge of it? Well, their knowledge would have to be a mistake as to the effect of being a felon, because otherwise there would be no defense. That's a tautology. One element is, are you a felon? You have established that, right? Well, there'll be no need for the second element to say whether or not you know, because you are. So your mistake, if you will, is the mistake that in fact you are a felon, but you didn't know it. That's not, your position is wrong on that. That's the whole idea. Because if that would be, you said, am I confusing you? I'm saying, I'll say it again, but you just said the mistake is not a defense. It is. The mistake is, yes, you are a felon, but I didn't know it. And that's it. Do you agree that the element is met if the trial fact finds that's the case you didn't know? If he didn't know he was a felon, correct. But here, Barry's not contesting his knowledge of the facts that make up his felon status. His argument is about the disabling effect of that felony conviction, that it prohibited him from possessing firearms. But that's not something that he needs to know under the statute. No, no, no. He doesn't, he doesn't have to know the consequences of, but for example, the thing is, the way the D.C. statute is structured, you would think that you really, it's like one of those things where, it used to be a long time when I practiced law, you had sort of, you hold the sentence in advance. You'd say, okay, I'm going to continue this case for six months. And if you do well, we come back and I'll give you my finding. I'll find you not guilty. But you can understand what, during that time, are you convicted or not? Well, I don't know. If you want to be a good egg in D.C., then we wipe the slate clean. And it has different things about how, limitations on how you can use this process against him in the future. So that's confusing to a lawyer, let alone a lay young person who's gotten in trouble. And it's not for the court to just to say, I don't think this is important. And whether it's a jury trial, would you agree with this? Whether it's a jury trial or a bench trial, it's still a trial of fact and listening to a defendant say what his and her position is on an element. Is that right? Does that change? Does the Sixth Amendment change because it's a bench trial? Does it? I don't know. Of course, the defendant can present. Does it change because it's a bench trial or jury trial? The right to testify and give a defense to an element. Does it change? No, Your Honor. Of course, the applicability of the federal rules of evidence may change a little bit because Rule 4.3. I'm talking about the Constitution. I understand. That's what we live by, the courts, the Constitution. That's the unyielding defense. It makes our liberties in this country unique. And that doesn't change because it's a bench trial. No, Your Honor. Of course not. Judge, you sit there and listen to your evidence and until, for example, you start repeating yourself or doing something that's disruptive, but this is something that goes directly to it. And to tell somebody you get one question to answer, and then after that, that's it, and it's irrelevant, then you're basically telling me after that, even if I let you do it, it's irrelevant. So it's almost like that kind of thing. So you can go on, but I'm telling you it's irrelevant already. I think that would be a chilling effect to anybody who wanted to testify. Would you want to be on a trial and someone says you get one thing and you can go on, but I'm always telling you it's irrelevant? I don't think so. Your Honor, it certainly depends on the circumstances of the case. Circumstances is your life and your liberties at stake. That's the circumstance. And I understand it's a very important constitutional right, but the right to present a defense is also not absolute. It's cabined by the federal rules of evidence as it was in this case. And I want to touch on the D.C. statute briefly, in which you mentioned that it may possibly be confusing. And that's true. I can appreciate that point. But Barry did not at any point propose to testify that, for example, that the D.C. court had told him that his conviction would be held in abeyance or anything like that. And under the D.C. statute, that's not how a set-aside under the Youth Rehabilitation Act works. The defendant is convicted and sentenced, and any set-aside that happens later is not automatic. It's in the court's discretion. And often defendants have to apply for it, as Barry did here. So at the time that Barry was convicted of that robbery, he pleaded guilty and was sentenced, and thus had the knowledge of the facts making up the status of his prior conviction. And his subjective understanding of whether that made him a felon, whether that prevented him from possessing firearms, is beyond what he needs to know here for the purposes of Section 922G. Where in the transcript in this trial did you find or did you ever find that the defendant said or offered to say that he didn't know that he'd been convicted of a crime punishable by a term of imprisonment of more than one year? Your Honor, to my knowledge, that is not anywhere in the record. I believe at one point he suggested that he might testify that he didn't know it was a conviction, but the issue of the punishment was never raised as part of his proposed testimony. Wouldn't that be good enough if he didn't know it was a conviction? Well, it depends. Again, it's uncertain about what his precise testimony would have been, because he went back and forth a little bit, and ultimately he did not testify. But again, he doesn't need to know the legal meaning of what a conviction is, as long as it satisfies the legal meaning of conviction under the D.C. Code, which, as relevant here, is that he pleaded guilty and was sentenced. And again, Barry did not challenge his knowledge of those two facts. To answer the question, Judge Goodwin's question, it is in the record that he said he didn't know he was convicted. He just said that. Then he starts trying to explain away what that meant. Okay, go ahead. But even if this court were to find that the district court abused its discretion in limiting Barry's testimony, any error was harmless. And that's because the evidence here established Barry's knowledge that at the time he possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for a term of more than one year. And there are two key pieces of evidence that were admitted at trial here. The first are Barry's own admissions, that he had a felony conviction for robbery out of D.C., and that he had done two years of prison time for that charge. So that establishes both of those knowledge of status facts. He didn't do prison time for that. That's not the case. Well, the admission was that he... It was pre-trial incarceration, wasn't it? I believe so, Your Honor, when we look to the judgment. When you said prison, it wasn't prison time. It's like people, a lot of times, people who can't afford to make bond and things like that, they tend to sometimes stay in. Yeah, that's called pre-trial incarceration. I understand, Your Honor. And innocent people who are later convicted of would also have done that too, right? Yes, that's correct, Your Honor. I'm simply quoting from the admission that was offered at trial here. That was Barry's own characterization of that time that he had served. And the second piece of evidence here is the judgment of Barry's prior conviction, which was admitted, and that's in the record at Joint Appendix, page 100. And the language of that judgment plainly provides that he was sentenced to 36 months of incarceration, suspended, excluding the time that he had already served, those two years, as we've just discussed. And so that judgment plainly establishes that Barry was convicted and sentenced to a crime punishable by more than one year of imprisonment. Indeed, he was sentenced to 36 months, three years in this case. And so even if Barry had been allowed to testify about his understanding of the Youth Rehabilitation Act, the court here, the rational fact finder, would still have found him guilty. How do you know that? Everything you just said went to the fact is he was a felon. That's the one element. The other one is whether he knew or not. And you're saying a person who was cut off from testifying, in that sense, that is irrelevant, that one question, you're saying that no matter what he said, a trial fact wouldn't have been convinced. That would be total speculation. Your Honor, he doesn't need to know the meaning of felon in this instance. He doesn't have to, but he does have to know that he was convicted of a felony. And he said, as you said, that he did know, notwithstanding what he said at the time that he was arrested. People are nervous. And even if he did, he has a right to say what now, under oath, is the truth. Now, a trial fact would determine, well, fair enough. You said this when you were arrested. Now you're saying this. That's weight. That's weight to be given. But that's not to say we can't, and you're saying, well, it doesn't matter what he said, no independent fair trial fact would have found his favor. You don't know that. The judge there may have been to say, you know what? After hearing everything you said, I can understand why you didn't know you're a felon. It's kind of confusing. Your Honor, if we break it down into the relevant facts that Barry had to know, he had to know that he pleaded guilty and was sentenced to a crime punishable by more than one year of imprisonment. And he does not now challenge those facts. I'm happy to answer any further questions. I see my time has expired. We would ask this court to affirm. Let me ask you another question. Yes. The government, you're not taking a position that he waived preservation of this issue, are you? Because he didn't? No, Your Honor. Trial and testify? No, Your Honor. That's not the position we're taking. Your ballpark position is it's harmless anyway. Correct, Your Honor. Thank you. Mr. Son? Counsel, I'm going to try one more time because I think it's probably my problem. But could you try to answer this? What specific piece of evidence was precluded by the judge by what unequivocal ruling? So, these are the things that counsel said Mr. Berry wanted to say. Which, tell me, what evidence was precluded by what ruling? His testimony. What testimony? His testimony, and this is from JA 144 and 155.   Read it to me, what he said. You said one, did you say two pages or 21 pages? It's at two separate points he makes the same. Two separate points. 144 and again at 165. 155. 155. Two specific pages, not at the 12 pages. At 144, the reference is first offenders program. 155. He wanted to say there was a first offenders program. That he understood that he had been sentenced under that. I'm sorry? He understood that he had been sentenced under a... That the judge unequivocally ruled that he couldn't say he'd been sentenced under that? What the judge said is... He said, in fact, he said he could say that. No, he said, you can answer the question. Did you know that you had been convicted of a crime punishable by imprisonment for a term exceeding one year? Judge Goodwin, you asked about that particular... And I would point to 147. And the judge answers the question. The judge is talking here. Did the defendant know that he had been convicted of a crime punishable by a term of imprisonment exceeding one year on a date before he possessed the firearm on or about... Did you know that on or about September 20, 2019? And if he says no, that's all he could say. Counsel then says, I don't see how I can't follow up. So clearly that's counsel saying, that's what my client is going to say. And I want to follow up. Follow up with what? He had personal knowledge of that conviction or whatever we want to call it. So certainly he has the ability to testify what his belief was. And then it goes on further. I mean, it goes back and forth for several pages. And that's my problem is I don't see a specific piece of evidence with an unequivocal ruling from the judge. Then he decides to waive jury trial. And the judge specifically says, do you want to present a defense? And he says, no. Now your opponent has conceded that she doesn't think that was any kind of waiver. So you've got that going for you. Your Honor, again, the two best times, two best points in the record that I can say  The judge says at page 143, the judgment is coming in. Nothing else is relevant under 401 or 403. And then at JA 147, this agreement that Mr. Berry can answer the question, the district court says, that's all he can say. It is definitive. And it is Mr. Berry's counsel's persistence in saying, well, he would like to say this. He would like to say this. So I think it is, there is a definitive ruling. I can answer another question from the court about the bench trial. That issue first comes up at JA 165. This is part of the- 165? 165. I'm sorry. This is still part of the pretrial conference. And counsel is correct. One of the things that's floating around in Mr. Berry's mind is, if I go to trial, am I going to lose acceptance of responsibility? And Judge Dever correctly, the court, correctly says, I can't get into whether you have a plea agreement or not. But I can tell you, I have had occasion to allow a defendant to go to trial to preserve an issue. And if they don't put on a defense, it can still preserve the possibility of acceptance of responsibility. So it does come up. But again, it would be Mr. Berry's position that he was, all of that is after the ruling saying you can't testify to what we would say Rahafe says he can. Thank you, Your Honor. Was it at that point that they waived the jury trial? No, Your Honor. There's a later filing. A later filing. This pretrial conference, that's what this is called. Correct. Was what date? And when was the trial? I can get from the docket. The trial was the 21st. The bench trial was the 21st. 21st of what? 21st of March, 2022. The waiver of the right to jury trial. So Mr. Berry filing the waiver. That was filed on the 18th. The 18th? Of March. Three days before the trial. Three days before the trial. And the pretrial conference was on March 14, 2022. So let me go in chronological order to help the court. Pretrial conference, March 14, 2022. All in about a week. Counselor, you were on the page. I thought that I think it really gives some light to this case and structure. When the question of having a jury was in play, on 146, it says, the court says, court, yeah. How about the actual second element? And that's the knowledge element. In the charge is that he knew that he had been convicted of a crime punishable by a term of, in terms of the question is, did you know that on September the 19th? And as he said, no, and he says, no. That's what you propose to offer? That was a question. That's the extent of what you can offer. The element as it is in the case law and in the jury instruction is going to be this. Did the defendant know that he had been convicted of a crime punishable by a term of imprisonment exceeding one year on a date before he possessed a firearm on about Did you know that on about September 20th, 2019? And if he says no, that's all he can say. Yes, your honor. That's right. Exactly. And that's why, and in a sense, I guess they said, wait a minute, I have a jury. All I can say is just that no. Then you start getting into what he later evolved to a bench trial. Yes, your honor. That was the key right there. He said, that's what the instruction is going to be. If you say no, that is all you can say. JA 146, JA 147. Thank you, your honor. Let me hit you with one more, if it's okay, Judge King. Go right ahead. After that, on page 159, they are still revisiting that issue. And the judge says, well, that depends. We'll see what he says. And the lawyer says, yes. And the judge says, all right, well, I'll be listening very carefully to the questions. And my problem, which I think you've gathered from my questions, is I don't see the kind of unequivocal ruling by a judge in a pre-trial hearing on a question of admissibility of a particular piece of evidence that would allow that to be preserved as error here. It seems to me like we're going through a lengthy back and forth and picking pieces from different pages. But as I get it, the judge says, we'll just have to wait and see what's said. I'll be listening carefully to the questions. Isn't that right? The court says that. But the court has also said, once the judgment comes in, nothing else is relevant under 401 and 403. But that's before he said this, right? It is. It is. Thank you, Your Honors. Thank you very much. And Mr. Son, you're appointed in this appeal. And I want to say that we really appreciate your work and we appreciate the work of lawyers such as you do. We couldn't operate without you. Thank you, Your Honor. And with that, we'll come down and agree counsel. And we'll take a quick break. This honorable court will take a brief recess.
judges: Robert B. King, Roger L. Gregory, Joseph R. Goodwin